### LIZZIE MAGUIRE

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1905.*

1. TRIAL—*permitting leading questions will not reverse unless there is substantial injury.* Permitting leading questions to be asked will not work reversal unless the trial court has so abused its discretion in that regard that substantial injury has resulted.

2. CRIMINAL LAW—*what not essential to the crime of allowing minor girl to stay in house of prostitution.* The keeper of a house of prostitution who permits an unmarried female under the age of eighteen years to live, board, stop or room in the house is guilty of a crime, under the statute, regardless of whether such female practices prostitution or is wanting in virtue.

3. SAME—*prosecution is not bound to prove the knowledge by keeper of house of ill-fame that an inmate is a minor.* In a prosecution against the keeper of a house of prostitution for permitting an unmarried female under eighteen years of age to stay in the house, the People are not bound to prove knowledge, by the keeper, of the age of such inmate.

4. SAME—*when instruction as to credibility of defendant's testimony is not erroneous.* An instruction directing the jury that in determining the degree of credibility to be accorded to the defend-

ant's testimony they had a right to consider, among other things, the fact, if it was a fact, that she had been contradicted by other and credible witnesses, is not erroneous, as authorizing the jury to discredit her testimony if she had been contradicted by other credible witnesses.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

BURRES & McKINLEY, for plaintiff in error.

WILLIAM H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (ROBERT N. HOLT, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Lizzie Maguire, plaintiff in error, was convicted in the criminal court of Cook county under an indictment charging her with being the keeper of a house of prostitution and assignation, and suffering and permitting Anna Liebke, an unmarried female under the age of eighteen years, to live, board, stop and room in said house.

The evidence established the guilt of the defendant. She and her husband occupied the second and third floors of a building, and her testimony was intended to prove that the business of prostitution and assignation was confined to the third floor and was under the sole charge of her husband. Her testimony, however, as well as all the evidence in the case, proved that she participated in the business, and in the absence of her husband had charge and control of it and received the proceeds.

It is assigned for error that the court permitted the State's attorney, over the objection of defendant, to ask leading questions on the examination of two girls who testified on the part of the prosecution. Many questions were asked which embodied the fact sought to be proved by the witness

and suggested the answer desired, and as a general rule such questions should not be permitted. There are conditions under which such questions are not improper, and the propriety of permitting them is a matter within the sound discretion of the court. The exercise of such discretion is subject to review, and where it appears that there has been an abuse of the discretion, resulting in substantial injury, it is ground for reversing a judgment; (*Coon* v. *People*, 99 Ill. 368;) but unless there has been a palpable abuse of discretion the allowance of leading questions will not alone be a sufficient reason for a reversal. (*Weber Wagon Co.* v. *Kehl*, 139 Ill. 644; *Funk* v. *Babbitt*, 156 id. 408.) In this case, although the court was quite indulgent with the State's attorney in ruling on the questions, we do not think there was a clear abuse of discretion.

The next complaint is, that the second instruction given at the request of the prosecution permitted the jury to find the defendant guilty irrespective of the question whether Anna Liebke practiced prostitution while living or stopping in defendant's house and regardless of knowledge on the part of defendant of the age or virtue or want of virtue of said girl. The statute makes it a crime for the keeper of a house of prostitution or assignation, where prostitution, fornication or concubinage is allowed or practiced, to suffer or permit any unmarried female under the age of eighteen years to live, board, stop or room in such house, building or premises. It is not an element of the crime that the female shall practice prostitution or shall be lacking in virtue, but it is unlawful to permit her to live, board, stop or room in a house of the character mentioned, for any purpose. The instruction contained every element of the crime as defined by the statute, and was not incorrect. The statute was designed for the protection of girls, and if defendant permitted one of the prohibited class to stay in her house of prostitution she did it at her peril. The prosecution was not bound to prove knowledge, on her part, of the age of Anna Liebke.

*McCutcheon* v. *People,* 69 Ill. 601; *Farmer* v. *People,* 77 id. 322.

It is urged that the eighth instruction given at the instance of the prosecution was fatally defective in authorizing the jury to discredit the defendant as a witness if she was contradicted by other credible witnesses. The instruction is the same, in substance, as the one given in the cases of *Hirschman* v. *People,* 101 Ill. 568, and *Rider* v. *People,* 110 id. 11, relating to the tests to be applied to a defendant charged with crime for the purpose of judging of his credibility, except that it omits the element of the demeanor and conduct of the defendant during the trial when not on the witness stand. It directed the jury that in determining the degree of credibility to be accorded to the defendant they had a right to take into consideration, among other things, the fact, if it was a fact, that she had been contradicted by other and credible witnesses. In the opinion by Mr. Justice SCHOLFIELD in *Hirschman* v. *People,* it was held that the instruction was proper, and did not assume that the defendant was contradicted or give undue prominence to an isolated fact, and in the opinion by Mr. Justice MULKEY in *Rider* v. *People,* it was held to be correct on the identical question now raised by counsel. The rules given for the purpose of weighing defendant's testimony were correct, and the jury were only authorized to disregard it entirely if she had willfully and corruptly testified falsely to some fact material to the issue.

There was an error in the form of the judgment, but the verdict was in proper form and the judgment has been corrected in the criminal court.

The judgment is affirmed.        *Judgment affirmed.*