THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED STEINHAUER, Plaintiff in Error.

*Opinion filed December 21, 1910.*

1. CRIMINAL LAW—*an allegation of a sale of intoxicating liquor includes all acts necessary to constitute a sale.* An allegation, in an information, of a sale of intoxicating liquor by the defendant is an allegation of all acts as are necessary to constitute a sale, and it is not necessary to allege each step of the process by which a sale might be completed, up to and including the delivery.

2. SAME—*court may, in its discretion, permit witness to testify whose name is not endorsed on the information.* It is within the sound discretion of the trial court to permit a witness to testify in a criminal prosecution whose name is not endorsed on the information or indictment; and there is no abuse of such discretion where the defendant, who testified in his own behalf, did not deny the testimony of such witness, and there is no reason for supposing he would have denied it had he known, before the trial, that such witness would testify.

3. LOCAL OPTION—*section 13 of the Local Option law does not create or define any independent offense.* Section 13 of the Local Option law does not define or create any independent offense, but it does provide that the taking of orders or the making of agreements in anti-saloon territory for the sale or delivery of any intoxicating liquors shall be an unlawful selling of intoxicating liquor in anti-saloon territory.

4. SAME—*the legislature has power to prohibit taking orders in anti-saloon territory for sale of intoxicating liquors.* The liquor traffic is subject to such police regulations as the legislature may see fit to adopt, and it is within the power of the legislature to prohibit the taking of orders in anti-saloon territory for the sale or delivery of intoxicating liquors.

5. SAME—*legislature may provide what shall be a delivery*. In the absence of any statutory regulation or any agreement of the parties as to the place of delivery or what shall constitute delivery in the case of an ordinary sale of personal property to be delivered to the purchaser, the courts hold, by judicial construction, that a delivery to a common carrier is a delivery to the purchaser; but it is competent for the legislature to provide by statute what shall be a delivery in the absence of an agreement.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the County Court of Fayette county; the Hon. JOHN H. WEBB, Judge, presiding.

JOHN A. BINGHAM, and E. B. SPURGEON, for plaintiff in error.

W. H. STEAD, Attorney General, and WILL P. WELKER, State's Attorney, (ALBERT & MATHENY, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Fred Steinhauer, was found guilty by a jury, in the county court of Fayette county, on the first and second counts of an information charging him with sales of intoxicating liquor in the township of Vandalia, which was anti-saloon territory, and the court sentenced him to imprisonment in the county jail twenty days and to pay a fine of $100 and costs. The Appellate Court for the Fourth District affirmed the judgment.

The first ruling of the county court complained of is the refusal to quash the information. There were four counts, but as plaintiff in error was not found guilty under the third and fourth, their averments are not material. The objection made to the first and second counts is, that they merely charged the plaintiff in error with selling intoxicat-

ing liquor and did not allege a delivery of the liquor. To allege a sale is to allege a fact including all such acts as are necessary to constitute a sale. It was not necessary to allege each step of the process by which a sale might be completed.

The plaintiff in error lived in Vandalia, which was anti-saloon territory, and kept a saloon in Altamont. He took orders for whisky in Vandalia and delivered it by express from his saloon in Altamont to the purchasers. One sale was made to Charles Kurtz, who came into a car in Vandalia where the defendant was sitting and gave him a dollar, telling him to send him a quart of whisky, and the whisky was delivered by express. A second sale was proved by testimony of Floyd Miller, and when he was produced as a witness objection was made to his testifying on the ground that plaintiff in error had no notice that he would be a witness. The State's attorney had furnished to the attorneys for plaintiff in error a list of witnesses which did not include the name of Miller. The court overruled the objection, and counsel say that the defendant was thereby compelled to meet the testimony of Miller, which he was not prepared to meet, and they say: "This sort of practice should not be tolerated by courts of a civil nation, as it savors too much of the Spanish inquisition, and we feel should be promptly and most positively condemned." The practice of allowing a witness to testify whose name does not appear in the list furnished to the accused has not been regarded in a light so unfavorable, but, on the contrary, it has been held by this court in numerous cases, beginning in 1841 with the case of *Gardner* v. *People,* 3 Scam. 83, that the prosecutor is not restricted to the witnesses whose names are furnished, and even in the most serious crimes it is within the discretion of the court to allow other witnesses to testify. The sale to Miller was not denied by the plaintiff in error, who testified in his own behalf, and there is not the slightest reason to suppose that he would or

could have disputed the facts testified to by Miller if he had known before the trial that Miller would testify. The court was right in overruling the objection. Miller met plaintiff in error on the street in Vandalia and told him when he went to Altamont to send him a half a gallon of whisky. The whisky was received by express and was afterward paid for by Miller. The guilt of defendant was established and the jury could not have found otherwise.

It is argued, however, that the taking of an order for liquor in anti-saloon territory, the delivery of the liquor to an express company in saloon territory and the receipt of the same and payment therefor by the purchaser in anti-saloon territory is not an offense against the law. If it is not, it must be because section 13 of the Local Option law violates some constitutional provision and is void, since that section provides that the taking of orders or the making of agreements in anti-saloon territory for the sale or delivery of any intoxicating liquors shall be held to be an unlawful selling. Counsel do not point to any provision of the constitution which is violated by that section, but devote a lengthy argument to the propositions that in ordinary sales the title does not pass until there is a delivery, unless there is an agreement that the property is to remain in the possession of the vendor; that even then the title does not pass unless the property is separated from the bulk of other property of the same kind; that in this case it was not intended that the whisky should remain in the possession of the vendor, and that consequently there was no completed sale until the delivery to the express company, which took place in saloon territory. The liquor traffic is subject to such police regulations as the legislature may see fit to adopt, and it cannot be doubted that it is within the power of the legislature to prohibit the taking of orders in anti-saloon territory for the sale or delivery of intoxicating liquors. That has been done by providing that such taking of orders shall constitute an unlawful selling within the mean-

ing of the act. In the case of an ordinary sale of personal property not regulated by statute and where there is to be a delivery of property to the purchaser, if there is no agreement as to the place of delivery or what shall constitute a delivery, the courts, by judicial construction, hold that a delivery to a common carrier is a delivery to the purchaser; but it is entirely competent for the parties to provide otherwise, or for the legislature to provide by statute what shall be a delivery in the absence of an agreement. Section 13 does not define or create an independent offense, (*People v. Young,* 237 Ill. 196,) but it does provide that transactions such as were proved in this case shall constitute an unlawful selling of intoxicating liquor within anti-saloon territory. What has been said disposes of every question raised in the case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*