THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MOSES BROWN, Plaintiff in Error.

*Opinion filed April 20, 1916.*

1. LOCAL OPTION—*legal consequence of conviction not limited to a connected period when town is "dry."* The fact that a town votes to cease to be anti-saloon territory does not amount to a repeal of the Local Option law nor nullify the legal consequences of a conviction for selling liquor in anti-saloon territory, and when the town again votes to become anti-saloon territory the offense committed during the former "dry" period may be alleged as a former conviction when the same offender is thereafter prosecuted.

2. SAME—*when certified copy of an internal revenue special tax stamp is properly admitted.* In a prosecution for the sale of intoxicating liquor in anti-saloon territory a certified copy of an internal revenue special tax stamp issued to the defendant as a retail dealer in malt liquor at a certain address is admissible in evidence, under section 41 of the Local Option law, as *prima facie* evidence of the sale of intoxicating liquor at the place mentioned in the stamp or at any place of business where the stamp is posted, and if there has been evidence of sales the copy is properly admitted to show the character of the liquor sold, even though there is no evidence that the stamp was posted at the place alleged in the indictment.

3. SAME—*when it is not error to admit cases of beer in evidence.* Two cases of beer taken from the basement of the home of a witness are properly admitted in evidence where the witness has testified that he ordered two cases of beer from the defendant, even though he testifies that he did not see who brought them to the house but first saw them when they were taken out by a policeman, where there is also evidence that the defendant peddled blank orders for beer about the city and delivered the cases to customers.

4. SAME—*receipts for shipments of beer are admissible in evidence.* In the prosecution of one Moses Brown for selling intoxicating liquor in anti-saloon territory, receipts for large shipments of beer to Moses Brown, M. Brown, Moses Brown Express Company, and Moses Brown, care of Moses Brown Express Company, are admissible, where the receipts on the way-bills are proved to be in the handwriting of the defendant.

5. CRIMINAL LAW—*in prosecution for misdemeanor the verdict may be received in absence of defendant.* In a prosecution for selling intoxicating liquor in anti-saloon territory it is not error to receive the verdict of guilty in the absence of the defendant.

6. SAME—*defendant cannot complain that nolle prosequi as to certain counts is entered after verdict of guilty.* The rule that the State's attorney or prosecuting officer cannot enter a *nolle prosequi* as to any count of the indictment without the consent of the defendant after the jury has been empaneled and sworn does not prevent a *nolle prosequi* as to certain counts after a verdict of guilty on all the counts and a motion by the defendant for a new trial.

7. SAME—*when verdict is not a finding of guilty as to a single offense.* A verdict in a prosecution for selling intoxicating liquor in anti-saloon territory which finds the defendant guilty, in manner and form as charged in the indictment, upon "the following counts: all the counts in the indictment," is equivalent to a finding of guilty upon every count, and authorizes a penalty being imposed on each count and not merely for a single offense.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of DeKalb county; the Hon. MAZZINI SLUSSER, Judge, presiding.

JAMES W. CLIFFE, for plaintiff in error.

P. J. LUCEY, Attorney General, LOWELL B. SMITH, State's Attorney, and GEO. P. RAMSEY, (E. M. BURST, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Moses Brown, was indicted in the circuit court of DeKalb county for violations of the Local Option law of 1907. (Laws of 1907, p. 297.) The indictment contained thirteen counts, numbered consecutively, and those numbered from 1 to 12, inclusive, charged him with sales of liquor in 1914 in the town of DeKalb, which was then anti-saloon territory, and alleged a previous conviction for violating the same act. The count numbered 13 charged him with maintaining a common nuisance by keeping a place in the town where he unlawfully sold intoxicating liquor. The former conviction alleged was in 1908, and he first filed a plea in abatement, alleging that in May, 1910, the town ceased to be anti-saloon territory and again became anti-saloon territory in May, 1914, and that there was a period between the former conviction and the alleged violation of the law in 1914 when the law was not in force in the town. The court held the plea insufficient. There was a trial, at which the jury found the defendant guilty on all of the counts of the indictment. A motion for a new trial being made, the State's attorney entered a *nolle prosequi* as to the counts numbered 9, 10, 11 and 12, and the motion was overruled. The court sentenced the defendant to pay a fine of $75 on each of the first eight counts and a fine of $100 on the thirteenth count, and also to confinement in the county jail fifteen days on each of the first eight counts, the terms to follow in immediate succession in the order named in the judgment, and fifty days on the thirteenth count, to follow the term of imprisonment on the eighth count. A writ of error was sued out from the Appellate Court for the Second District, and one of the judges of that court having received the verdict of the jury, took no part. The other judges were of the opinion that no error was committed in receiving the verdict but were divided in opinion on other errors assigned and the judgment was affirmed by op-

eration of law. A writ of error was sued out of this court to review the judgment of the Appellate Court.

The first assignment of error is that the court erred in holding the plea in abatement insufficient, because the Local Option law under which the defendant was convicted was repealed by the vote of the people in 1910 so far as the town of DeKalb was concerned and was as though it never had been and the repeal was a remission of all penalties under the law. If it should be assumed that the vote in 1910 amounted to a repeal of the act in the town of DeKalb, section 4 of chapter 131 of the Revised Statutes of 1874 provides that even in the case of an express repeal no new law shall be construed to repeal a former one as to any offense committed against the former law or as to any act done or penalty, forfeiture or punishment incurred under the former law, and that statute makes the decisions in other jurisdictions inapplicable here. The vote, however, was not a repeal of the Local Option law, which does not delegate any legislative function to the people of any locality. The law continued in force, but by its provisions it is operative or not in particular localities, depending upon the decision of the voters in the locality. The former conviction was not annulled or its legal consequences in any way affected by the vote of 1910. The court did not err in ruling on the plea in abatement.

It is contended that the court erred in permitting the State's attorney to ask leading questions. The witnesses were not Americans and were acquainted only with the language of their nativity and testified through an interpreter. There was some difficulty in getting direct and intelligible answers, and some of the questions in terms directed attention to the subject matter concerning which they were called to testify. We do not find any question which indicated the answer desired, and the rulings were evidently for the purpose of expediting the trial. The matter was largely in the discretion of the court, and there was no im-

proper ruling.  *Maguire* v. *People,* 219 Ill. 16; *McCann* v. *People,* 226 id. 562.

The court admitted in evidence a certified copy of an internal revenue special tax stamp issued to the defendant as a retail dealer in malt liquor at 503 East Lincoln highway, DeKalb, Illinois, covering the period from July 1, 1914, to June 30, 1915, for a consideration of $20.  It is argued that the court erred because there was no evidence of posting the revenue stamp at 425 East Lincoln highway. When the stamp was offered the objection at first was only general, and afterward that the copy was not properly certified.  There was no defect in the certificate, and the certified copy was admissible, under section 41 of the Local Option law, as *prima facie* evidence of the sale of intoxicating liquor at the place mentioned in the stamp or at any place of business where the stamp or receipt was posted. There was no evidence that the stamp was posted at the place alleged to be a nuisance but there had been evidence of sales, and the paper was properly admitted to show the character of the liquor sold.

The court admitted in evidence two cases of beer taken from the basement at the home of Baraisis, one of the witnesses, and it is insisted that this was improper because the presence of the cases of beer shown to the jury had a tendency to inflame the minds of the jurors against the defendant and because it had not been proved that he sold the beer.  Baraisis had testified that he ordered two cases of beer from the defendant; that he did not see who brought them to the house but he first saw them when the policeman was removing them from his basement, which was the day after they were delivered.  There also had been evidence that the defendant peddled blank orders for beer about the city and delivered cases to customers, and the evidence was sufficient to admit the cases of beer in evidence.  Nothing is suggested by counsel which would cause these particular cases of beer to have any especial effect upon the minds of

the jury to the injury of the defendant except to convince them that he was guilty and that the beer in the cases was a malt liquor, which was proved.

The defendant received numerous shipments of beer in considerable quantities, and receipts for the same were offered in evidence and objected to. There was a large number of these receipts for beer shipped to Moses Brown, M. Brown, the Moses Brown Express Company, or Moses Brown, care of Moses Brown Express Company. Some of the shipments contained as many as thirty or forty cases of beer consigned to Moses Brown Express Company. The objection is that the freight bills were copies of the original way-bills made at the place of shipment and the copies were made by clerks and were incompetent because not originals. The objection does not apply, because on the way-bills there were receipts for the beer proved to have been signed in the genuine handwriting of the defendant, who was not only an individual dealer but also an express company. The receipts for the goods were original evidence and competent.

The defendant was convicted in the circuit court of DeKalb county on January 22, 1909, for a violation of the Local Option law. The town ceased for a time to be anti-saloon territory and again became such territory on May 22, 1914. The defendant again engaged in the business and was proved guilty beyond all reasonable doubt. He had a place of business on East Lincoln highway, in the city of DeKalb, where he kept on hand printed order blanks and envelopes, which he also distributed around the city. Persons who desired to purchase beer would apply to him, and he told them that they could get it right there; that he would order it for them and it would come in three or four days and he would deliver it or send it to them. He would have the customer sign the order and pay for the beer, and then he would make his own check for the price and pin it to the order blank and would then place it in an envelope

and hand it to the customer and tell him to mail it. The customer did not pay any transportation charge but paid $1.20 for smaller cases and $1.80 for larger cases, and the beer was delivered to the customer by the defendant. The usual plan was for the customer to sign the order, but one witness who could not write testified that he never signed any blank or paper and was not given any envelope. In addition to the two cases of beer before mentioned, the defendant sold Baraisis a gallon of whisky, for which he was paid three dollars, and the whisky was purchased directly from him. It is contended that Baraisis did not fix the time when he bought beer and whisky from the defendant, but he testified that it was after the saloons were closed in 1914 and if the saloons had been open he would not have gone to the defendant for the whisky and beer, so that the time was fixed, not by the month or day, but by the fact that the saloons had been closed. On July 7, 1914, the defendant procured a special tax stamp for engaging in the business of retail dealer of malt liquor for the period of one year, and that he was engaged in that business is beyond question.

The verdict was rendered in the absence of the defendant and his attorney, and this is the ground of an assignment of error. According to the common law a defendant accused of a misdemeanor may be found guilty in his absence. In *Holliday* v. *People,* 4 Gilm. 111, the defendant was found guilty of administering poison to procure an abortion and the verdict of guilty was found in his absence. The jury fixed the time of imprisonment in the penitentiary at one month, and the court, in addition, imposed a fine of $100. The offense charged in the indictment being a misdemeanor, only, it was decided that there was no occasion for his presence and no error was committed. The question considered in *Harris* v. *People,* 130 Ill. 457, was not whether the defendant must be present when the verdict is returned but whether he must be present to receive the sen-

tence. The judgment was reversed, with instructions to the circuit court to pronounce sentence upon the defendant, who should be for that purpose personally present in court to receive the sentence. The court said that where the offense is a misdemeanor, punishable by a fine or by a fine and imprisonment, where a fine only is imposed it is within the discretion of the court to sentence the defendant in his absence. The defendant in that case was convicted of a felony. But if it is necessary that the defendant be present when a sentence for a misdemeanor, including corporal punishment, is pronounced, the defendant in this case, who was at liberty on bail, was present when sentenced. It was not error to receive the verdict in his absence.

Objection is made to two instructions which it is said gave the jury leave to go back of the time when the town became anti-saloon territory, but the instructions are not subject to that objection. Another instruction is objected to because it told the jury that it was not necessary to prove that the defendant knowingly and willfully violated the statute but all that was necessary was to prove, beyond a reasonable doubt, that he did violate it. The instructions were not objectionable. Other instructions are commented on in the reply brief but must not be considered because contrary to the rule of the court.

The jury found the defendant guilty on all of the counts of the indictment, and it is contended that the court erred in permitting the State's attorney to enter the *nolle prosequi* as to four of the counts. After a jury has been empaneled and sworn the prosecuting officer cannot *nolle pros.* the indictment, or any count, on the trial without the consent of the defendant, who is entitled to a verdict which will be a bar to another prosecution for the same offense. But that rule does not apply to this case. The defendant had been found guilty on all of the counts and by the action of the State's attorney he escaped the sentence of the law as to four of the counts. He was asking for a new trial and ob-

tained all the benefit that a new trial would have given him if the counts were not sustained by the evidence, and he was not injured but benefited.

The verdict found the defendant guilty, in manner and form as charged in the indictment, upon "the following counts: all the counts in the indictment," and it is argued that this was a single finding on the general charge for a single offense. A verdict is not to be construed with the same strictness as an indictment but it is to be liberally construed, and all reasonable intendments will be indulged in its support. (*People* v. *Lee,* 237 Ill. 272; *People* v. *Tierney,* 250 id. 515.) This verdict plainly meant that the defendant was guilty on every count of the indictment. But it is further argued that conceding the sufficiency of the verdict as a finding on all the counts, the court could only impose the penalty prescribed for a single offense, and the decision in *People* v. *Liscomb,* 60 N. Y. 559, is relied upon. That decision has not been generally approved and at any rate is not in accordance with the law of this State. *Mullinix* v. *People,* 76 Ill. 211; *Martin* v. *People,* id. 499.

It is urged that the sentence was too severe for merely rendering assistance to persons who wanted to obtain liquor; and that the defendant ought not to be visited with such extreme penalties for the friendly act of furnishing information and advising persons how to order beer and where they could get it. The defendant interested himself quite actively in peddling blank orders about the city and ordering and delivering beer, and the evidence does not show that he was merely charitably inclined to aid his friends. His acts were prohibited by the statute and the sentence was within the provisions of a valid law. The extent of the punishment was in the discretion of the court, and the defendant being a persistent violator of the law the punishment was justly inflicted.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*