## The People of the State of Illinois, Defendant in Error, v. John Madruh, Plaintiff in Error.

## Gen. No. 6,930.

1. INTOXICATING LIQUORS—*sufficiency of evidence of unlawful sales.* Unlawful sale of intoxicating liquors in prohibition territory and the maintenance of a common nuisance are shown by evidence that defendant operated a soft drink parlor and tobacco store, that he sold therein to witnesses certain liquor containing a high percentage of alcohol, the testimony of an employee of defendant as to numerous sales and that he kept liquors concealed in a certain place for sale and of several peace officers that they found large quantities of intoxicating liquors on the premises in the place specified by such employee.

2. INTOXICATING LIQUORS—*testing intoxicating character of liquor before jury as error.* In a prosecution for selling intoxicating liquor in prohibition territory and maintaining a common nuisance, where liquor seized on defendant's premises was brought into the court room during the trial, it was improper to permit witnesses on the stand to taste the liquor and then testify that it was intoxicating, but such error in making the test in the presence of the jury is not reversible where the evidence of guilt is clear and conclusive.

3. CRIMINAL LAW—*calling witnesses without notice to defendant as error.* The provisions of the statute (Cahill's Ill. St. ch. 38, ¶ 753), that every person charged with felony shall be furnished with a copy of the indictment and a list of the jurors and witnesses, and that in other cases he shall be furnished therewith upon request, do not make it necessary to furnish a defendant charged with misdemeanor with such list where no request was made therefor, and it is not error, in a prosecution for selling liquor in prohibition territory, to call witnesses whose names are not indorsed on the indictment without notice to the defendant, and over his objection where no request was made for a list of witnesses.

4. CRIMINAL LAW—*excessiveness of punishment as reviewable error.* The amount of the fine and the extent of the imprisonment of one found guilty of selling liquor in prohibition territory and of maintaining a common nuisance are matters within the sound discretion of the trial court and will not be disturbed on error where there was no abuse of discretion.

Error to the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed August 5, 1922.

MARTIN C. DECKER, GEORGE W. FIELD and SIDNEY H. BLOCK, for plaintiff in error.

ASHBEL V. SMITH and ALBERT L. HALL, for defendant in error.

MR. JUSTICE PARTLOW delivered the opinion of the court.

The plaintiff in error, John Madruh, was convicted in the county court of Lake county upon three counts of an indictment, certified from the circuit court of that county, two counts being for sales of intoxicating liquor in prohibition territory and one count charging the maintenance of a common nuisance. On each of the counts charging a sale he was fined $250 and was sentenced to the county jail for twenty days, and on the nuisance count he was fined $300 and sentenced to jail for forty days, making a total fine of $800 and eighty days in jail. To review the judgment of conviction a writ of error has been prosecuted from this court.

The first ground urged for reversal is that the evidence does not sustain the conviction. The plaintiff in error owns a brick building on Sheridan road near the north limits of the City of North Chicago. He lived upstairs and operated, on the first floor, a soft drink parlor and tobacco store. Two sailors from the Great Lakes Naval Training Station, which is located about two miles south of the building, testified that on the evening of December 3, 1920, they went to this place and asked for whisky but were told by plaintiff in error that he did not have any. They purchased a drink or two of port wine of pepsin and purchased another bottle of the wine which they carried away with them and which was offered in evidence. They paid twenty-five cents a drink for the liquor and $2.50 for the pint of wine. The bottle of wine, according to its label contained 25 per cent of alcohol.

Stella Urban, an inmate of the Geneva Training School for Girls, testified that she had been employed by the plaintiff in error as a house servant in July and August, 1920. She also worked as a waitress in the soft drink parlor. She testified that plaintiff in error kept a portion of the liquor he sold concealed between the floors in the bedroom and closets upstairs. He removed the furnace register and put the jugs of whisky between the floors. She testified that whisky was sold to officers from the naval training station, upstairs in the dining room; that customers obtained liquor by making signs and they frequently became intoxicated; that she had sold intoxicating liquor to customers for which from forty cents to seventy-five cents a drink was charged.

Constable Clarence Hicks, acting under a search warrant, searched the premises on December. 4, 1920, and found large quantities of wine, white mule, beer, alcohol and whisky, some of which was upstairs between the floors, near the register. He was corroborated in his testimony by another constable and by a deputy sheriff of Lake county.

Plaintiff in error attacks the credibility of the testimony of the two sailors and of Stella Urban, but the attack is without merit and we think this evidence is sufficient to prove, beyond a reasonable doubt, plaintiff in error was guilty and the judgment cannot be reversed on account of lack of evidence.

All of the liquor taken in the raids by Hicks, being in bottles, jugs, barrels and containers, was brought into the court room during the trial and exhibited to the jury. The State's Attorney asked a witness to open a container in the presence of the jury, to smell its contents, take a drink therefrom and state whether or not the liquor was intoxicating, whereupon the witness testified that it was. This procedure was followed in several instances before the containers and their contents had been offered or admitted in evi-

dence. Plaintiff in error insisted that this exhibition in the presence of the jury, coupled with the conduct and demeanor of the witness, made a demonstration which had great weight in influencing the minds of the jury against the plaintiff in error and was highly prejudicial and improper.

It was proper, under the rules of practice, to bring the liquor into the court room, have it identified and admitted in evidence. *People v. Brown*, 273 Ill. 169. Competent witnesses who had tasted or analyzed it could properly be asked whether or not it was intoxicating, but we very much doubt the propriety of asking them to taste it while on the witness stand and then express an opinion as to its intoxicating qualities. We think the test should have been made out of the presence of the jury. The evidence in this case, however, so clearly and conclusively shows the guilt of the plaintiff in error that the method adopted did not constitute reversible error.

Complaint was made during the trial that three witnesses were called and permitted to testify, over the objection of the plaintiff in error, whose names had not been indorsed on the back of the indictment and for whom notice had not been previously given. Section 421, ch. 38, of the Statute (Hurd's Rev. St. 1919, p. 1072 [Cahill's Ill. St. ch. 38, ¶ 753]) provides that every person charged with treason, murder or other felonious crime, shall be furnished, previous to his arraignment, with a copy of the indictment and list of the jurors and witnesses; and, in all other cases, he shall, at his request, or the request of his counsel, be furnished with a copy of the indictment and a list of the jurors and witnesses. The indictment in this case charges a misdemeanor and not a felony and there is no evidence in the record of any request having been made for a list of the witnesses and jurors, hence it was not necessary to furnish such list. It has also been held, even in felony cases, that it is within the

sound discretion of the trial court to permit a witness to testify whose name does not appear on the back of the indictment and for whom notice has not been given. *People v. Steinhauer*, 248 Ill. 46.

Complaint is made that the fine and imprisonment imposed are excessive. This is a matter which is within the sound discretion of the trial court and there was no abuse of that discretion. *People v. Elliott*, 272 Ill. 592.

We find no reversible error and the judgment is affirmed.

*Judgment affirmed.*