(No. 24405.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM D. MERRITT, Plaintiff in Error.

*Opinion filed December 17, 1937.*

HARDIN E. HANKS, and MYRON E. MILLS, for plaintiff in error.

OTTO KERNER, Attorney General, JULIAN HUTCHENS, State's Attorney, and A. B. DENNIS, (BEAL B. SMITH, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

William D. Merritt was convicted in the circuit court of Greene county of the crime of assault with intent to commit murder. The trial was before a jury. By this writ of error, defendant seeks to have the judgment of conviction reversed on the grounds that (1) the court erred in permitting leading questions to be asked and answers not responsive to be made; (2) the court erroneously excluded evidence offered in behalf of defendant; (3) the court gave erroneous instructions; (4) the People failed to prove a gun is a deadly weapon; (5) the verdict was the result of passion and prejudice, and (6) the verdict is not supported by the evidence.

The evidence is that Mrs. Jemima Allen, upon whom the assault is alleged to have been made, resided in Roodhouse, Illinois, with her husband, two granddaughters and a grandson. The defendant and his wife, a daughter of Mrs. Allen, had been separated for some time and Mrs. Merritt was living with her mother. About 10:00 o'clock P. M. on September 7, 1934, the defendant called Mrs. Allen's home by telephone and stated he wanted to talk to

his wife. He was told that she was not there. About midnight he came to Mrs. Allen's residence and a considerable noise was heard. One of the witnesses testified that it sounded like the side of a house falling in. It was developed that the noise was occasioned by the defendant's tearing down the electric light and telephone wires from the rear of the house. The defendant's voice was heard and recognized. Mrs. Allen did not leave the house but endeavored to persuade the defendant to quit the premises. He demanded admission to the home, and, according to the testimony of Mrs. Allen, he said he had pulled down the wires to prevent her calling for the police and that he intended "to get every one of you to-night before I leave here." Shortly after his arrival a shot was fired back of the house. Afterwards the defendant went around to the front porch. The door leading out onto the porch was closed and there was also a screen door, which was locked. He cut the screen and opened the screen door. The upper part of the door leading into the house was glass. He broke out the glass and stuck the gun through the opening, pointing downward. Mrs. Allen was in the living room watching him and begging him not to shoot. There was no light in the room, but the street light in front of the house enabled her to see him. He raised the gun and, according to Mrs. Allen, aimed it at her and fired one shot. Just prior to his doing so, she jumped aside, through an archway, into a bedroom and was not hit by the shot. A curtain was hanging in the archway between the main room and the bedroom and it was offered in evidence. It showed holes made by the shot. Shot were also found inside the walls and on the floor. Defendant protruded his head through the broken glass and when he did so, Mrs. Allen struck him with a window stick which was about the size of a broom handle and about three feet long. He almost immediately left the premises and was afterwards arrested. One empty shell was found in his pocket

and one was found on the front porch. He made inquiry of the police if anyone was hurt.

Defendant testified he did not shoot at Mrs. Allen or intend to shoot her; that he did not go to the house with any intent to injure anyone, and that, during the altercation, he told his wife he would not hurt anybody. He had been drinking on the night of this occurrence, but according to the testimony of all the witnesses, including defendant, he knew what he was doing.

The conviction ought not to be reversed because the court permitted a leading question to be asked. The only leading question complained of was one asked the witness, Eva Mae Welch, as to how many shots she heard. She had already testified, by an unresponsive answer, that she heard a shot at the rear of the house. The propriety of permitting leading questions is a matter within the sound discretion of the court, and is not a ground for reversal unless there has been an abuse of the discretion, resulting in substantial injury. (*Maguire* v. *People,* 219 Ill. 16; *People* v. *Brown,* 273 id. 169.) There was no abuse of discretion or resulting substantial injury here. The matters stated in the unresponsive answers complained of were later covered thoroughly in cross-examination and by the testimony of other witnesses.

Defendant contends that the court erred in refusing to admit evidence on cross-examination of the People's witnesses as to his habitual intoxication for some time prior to the night in question. It was not proper cross-examination, inasmuch as there was no testimony in chief as to defendant's intoxication except on the night of the shooting. It is difficult to see how the court's ruling could have injured the defendant's case, since he made no effort to prove he was so intoxicated as to be incapable of forming a specific intent. He testified that he remembered the conversation with Mrs. Allen very clearly and knew what he was doing.

Defendant also urges as a ground for reversal that the court gave several erroneous instructions. An examination of the record fails to disclose any objection made or any exception taken to the giving of these instructions, and they may not be questioned on review.

Defendant's contention that the People failed to prove a gun is a deadly weapon, or that it was used by him as an instrument of assault, cannot be sustained. It is unnecessary to prove that a gun is a deadly weapon. A weapon with which death may be easily and readily produced is a deadly weapon which the law will recognize as such. (*People* v. *Dwyer,* 324 Ill. 363; *Hamilton* v. *People,* 113 id. 34.) There was evidence that the gun was used as an instrument of assault. Mrs. Allen testified that he fired the gun at her.

Finally, defendant contends that the verdict was the result of passion and prejudice and is not supported by the evidence. There is no evidence of passion or prejudice. There was sufficient evidence, if believed by the jury, to warrant a verdict of guilty. There was testimony that defendant, either with malice aforethought or with a total disregard of human life, fired the shotgun toward another. That is sufficient to warrant a conviction of assault with intent to murder. (*People* v. *Wilson,* 342 Ill. 358; *Conn* v. *People,* 116 id. 458.) It is the province of the jury to weigh the evidence and to determine the credibility of witnesses, and the court will not substitute its judgment for the verdict of the jury unless the evidence is clearly insufficient to support the verdict. (*People* v. *Kessler,* 333 Ill. 451; *People* v. *Hoffman,* 329 id. 278.) The evidence in this case warranted the conviction.

The judgment is affirmed.          *Judgment affirmed.*