**Victor Cruz, Plaintiff-Appellee, v. Gulf, Mobile & Ohio Railroad Company, Defendant-Appellant.**

Term No. 55–M–16.

Fourth District.

October 3, 1955.

Released for publication October 24, 1955.

Gillespie, Burke & Gillespie, of Springfield, and I. H. Streeper, III, of Alton, for defendant-appellant; Harold R. Clark, and Harold G. Talley, both of Alton, of counsel.

Morris B. Chapman, of Granite City, for plaintiff-appellee; John Gitchoff, of Granite City, of counsel.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

Plaintiff, Victor Cruz, an employee in interstate commerce of the defendant railroad, brought this suit under the Federal Employers' Liability Act. He obtained a verdict of $6,000 for injuries incurred as a result of the alleged negligence of a fellow employee in lifting and moving a handcar from the main tracks. Defendant's motions for judgment notwithstanding the verdict and for new trial were denied and judgment entered on the verdict.

On this appeal, defendant contends that plaintiff failed to present any substantial and affirmative evidence of negligence on the part of defendant and, therefore, the trial court should have directed a verdict as a matter of law. In the alternative, defendant contends it should have a new trial because the verdict is based on mere conjecture, and is contrary to the manifest weight of the evidence; also because of errors in the

court's rulings, and improper conduct of plaintiff's counsel.

The injuries occurred while plaintiff and other employees were transferring a handcar from one track to another, over a small distance. To facilitate moving of the handcar, it is equipped with handles which protrude from each corner thereof. By grasping these handles the men, acting together, can lift one end of the car from one set of rails to the other. On this occasion the plaintiff had hold of one handle and another employee, Vasques, had hold of the parallel handle on that end.

As the lift was made, plaintiff contends Vasques suddenly pushed or shoved the car toward plaintiff, causing him to fall and suffer injuries, including fractured ribs. Defendant contends that, if the car was shoved toward plaintiff, it was because Vasques first stumbled and fell, without fault on his part, therefore, there was no actionable negligence.

It is not easy to determine what actually happened, for both Cruz and Vasques were of Mexican origin without adequate knowledge of English to express themselves. An interpreter was used with Cruz, but there was still great difficulty in obtaining responsive answers. In answer to many questions put by plaintiff's counsel, some of which were objected to, we find that plaintiff's story was substantially this: that he was watching Vasques, but "Vasques make sudden lift and it caught him out of balance." (This is the way the interpreter gave it.) There are several other statements to a similar effect, but in some of them the interpreter used pronouns so loosely that it is not always clear in print whether the reference was to Cruz or Vasques.

Out of the presence of the jury, plaintiff's counsel sought to obtain leave to put leading questions, on account of the limited understanding of the witness, but defense counsel continued to object, and the court

212

sustained the objections. The court was of the opinion that the witness had been able to tell his story to a reasonable extent, and stated that he understood the witness as having said "Vasques made a sudden lift and caught me off balance." In our opinion this is a fair statement of testimony.

█ Since the handcar has considerable weight, it seems obvious that lifting it from one set of rails to another requires cooperative effort and unity of action. It is not difficult to perceive that a sudden lifting and movement by one individual could readily cause the man opposite him to lose his balance and thereby stumble and fall. We are obliged to conclude that there is a reasonable inference the accident occurred in that manner.

█ In a statement signed by plaintiff (who asserted that he could neither read nor write) there was a reference to his foot striking against a tie plate. It is possible that plaintiff fell by reason of an accidental stumble on his part, or that Vasques accidentally stumbled, but which is the true version is a question for the jury. Since there is a reasonable basis in the record to support the conclusion of the jury that negligence caused the injury, it is not material that other possibilities may be inferred. Ellis v. Union Pac. R. Co., 329 U. S. 649, 67 S. Ct. 598.

█ Nor is it possible to set aside this verdict on the ground it rests on "conjecture and speculation." It is not mere conjecture when the verdict is supported by direct testimony, and it is the jury's function to weigh contradictory evidence and inferences and draw the ultimate conclusions as to the facts, the courts are not free to reweigh the evidence and set aside a jury's verdict merely because the jury could have drawn different conclusions under the evidence. Dowler v. New York C. & St. L. R. Co., 5 Ill.2d 125.

Accordingly, the denial of the motion for directed verdict was proper, and the ruling is sustained.

In considering the weight of the whole of the evidence under the motion for new trial, we observe that Vasques, called as a witness for the defense, actually corroborated the plaintiff on essential points. He stated in different ways that he had lifted and pushed toward plaintiff, and when asked on cross-examination if he had not pushed too hard for the old man, he answered: "Well, I guess I did." In the face of this testimony, we find no basis for the claim that the verdict is contrary to the manifest weight of the evidence.

██ As for the rulings of the trial court, it appears on the direct examination of plaintiff, all objections to leading questions were sustained, and upon redirect the court permitted answers only to leading questions on matters that were already in the record. The trial court necessarily has some discretion in rulings on leading questions. People v. Merritt, 367 Ill. 521; Funk v. Babbitt, 156 Ill. 408. There was no abuse of discretion in this case.

██ The complaint about the conduct of counsel, urged as grounds for a new trial, pertains to the cross-examination of a physician called as a witness for the defense. This witness was endeavoring to minimize the nature of plaintiff's injuries, which he had a right to do. However, it is a legitimate purpose of cross-examination to disclose whether a witness tends to exaggerate or understate, and to expose any bias which might affect his accuracy.

It is apparent in this examination that the witness undertook to do some fencing with the examiner. Some of his answers and statements would tend to discredit him to some extent, and the examiner made these conspicuous. It cannot be said that cross-examination is

unfair or improper merely because it is effective, and this court fails to find any basis for this complaint.

The rulings of the trial court were correct and the judgment is affirmed.

Judgment affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.