THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN WILLIAMS, a/k/a John Hall, a/k/a John Holmes, Defendant-Appellant.

First District (1st Division)   No. 61192

Opinion filed April 12, 1976.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

John Williams was found guilty of violating probation, which was revoked, and he was sentenced to a term of one to two years in the penitentiary. He appeals contending that the State failed to prove by a preponderance of the evidence that he had violated probation.

On March 8, 1974, the defendant pleaded guilty to theft and was placed on two years probation. On June 18, 1974, the State filed a petition charging that he violated probation by committing another theft on May 19, 1974. At the probation revocation hearing two persons testified: Officer Fairfield, who arrested the defendant, and Michael Timms, who

was arrested with the defendant. Officer Fairfield testified that about 3:10 a.m. on May 19, 1974, he responded to a radio call that the stripping of an automobile was in progress at 5216 Congress Parkway in Chicago. Upon arriving on the scene he observed the offender approximately 35 to 40 feet in an alley placing a tire into the trunk of a car. Officer Fairfield then identified the defendant sitting in the courtroom as the offender. He testified that the alley was illuminated by street lights located in the alley.

When the offender spotted the police car, Officer Fairfield testified, the offender fled on foot through the alley. Officer Fairfield and his partner initially gave chase down the alley in their patrol car, and then Fairfield pursued the offender on foot. The offender exited the alley onto Van Buren Street, ran into the first doorway and jumped out a window. Fairfield, observing where the offender jumped, went back through the alley and met the offender. The offender ran up a flight of stairs onto a porch where Fairfield arrested him. During the chase he came as close as five feet to the offender. Fairfield also arrested Michael Timms at the scene.

Officer Fairfield testified that after arresting the offender he read to him the "rights" listed on his "Patrolmen's Association card." Fairfield stated he did not have the card with him at trial but when asked what rights were listed on the card, he stated the "right not to answer any questions," the right to have an attorney present before answering any questions and the right to have an attorney appointed if the offender could not afford an attorney. The prosecution then asked the court to take judicial notice of the card and its contents that Officer Fairfield had in his possession at the time of the arrest. The court refused to take judicial notice of the card. The prosecution then asked Fairfield whether he had informed the defendant of his right to remain silent, his right to an attorney and that the statements could be used against him. Fairfield said yes to these questions over the defense's objections that the questions were leading. The court overruled the objections.

Officer Fairfield then testified that after advising the defendant of his rights, he made a statement that he had broken off both heels of his shoes fleeing, when he jumped out of a window and that the tire was not his. There was also a stipulation that the property belonged to someone other than the defendant. Fairfield also testified that the car into which the offender placed the tire was registered to the defendant. A license-applied-for sticker on the windshield of the car contained the defendant's name, and the defendant had handed over the keys to this car after being arrested.

The defense called Michael Timms who testified that he and the defendant were attending a party the night of the incident at a location adjacent to the alley where the car had been stripped. Timms testified

that he had pled guilty to the theft. That night, he testified, he had borrowed the defendant's car to take a girlfriend home. He then stole another car and drove it to the alley where he was stripping it when the police arrived. He testified that it was he, and not the defendant, who was placing the tire in the trunk and who was chased by the police. The chase, he testified, culminated on the back porch of the building where the party was taking place. The defendant was on the porch when he arrived and both he and the defendant were arrested. He turned the defendant's car keys over to the police. On cross-examination, Timms testified that he had been a good friend of the defendant for seven years.

After hearing the evidence, the court found the defendant guilty of violating his probation. The court then asked the defendant what time the incident had taken place. When the defendant stated that it had taken place after midnight, the court pointed out that he had been violating his 10 p.m. curfew that night.

■■ The defendant contends that the State failed to prove by a preponderance of the evidence that he had violated probation. The defendant argues that the State failed to prove that it was the defendant the police initially saw and chased. We disagree. Officer Fairfield testified that the person he observed placing the tire from the stripped car into the trunk of the defendant's car was the defendant. The alley was lighted by street lights located in the alley and the officer was only 35 to 40 feet away when he initially observed the offender, and during the chase he came as close as five feet to the offender.

■■■ The defendant's statement to the officer after being arrested that he broke both heels on his shoes jumping out of a window while fleeing further corroborated the identification. Defendant contends that this statement should not have been received as evidence because the prosecution did not establish that the defendant had been adequately advised of his *Miranda* rights before making the statement. We note that the defendant did not object when Officer Fairfield testified about the statement. The only objections the defendant made concerned the prosecutor's questioning of the arresting officer as to the defendant's rights. The defense attacked the questions as leading and the court overruled the objections. Where a defendant fails to object to the admission of his inculpatory statements and fails to move to suppress them at trial, he may not urge error therein on appeal. (*People v. Caldwell*, 39 Ill. 2d 346, 236 N.E.2d 706; *People v. Underhill*, 38 Ill. 2d 245, 230 N.E.2d 837; *People v. Tripkovich*, 6 Ill. App. 3d 37, 284 N.E.2d 323.) We are of the opinion that the defendant waived his right to object to the admissibility of the inculpatory statements.

■■■ We also do not believe that the leading questions harmed the defendant. Prior to those questions the officer testified that he had advised

the defendant of his right to remain silent, to have an attorney present, and to have an attorney appointed if indigent. The only new information the leading questions brought out was that the officer also told the defendant that anything he might say could be used against him. The propriety of allowing leading questions is within the sound discretion of the trial court and is not a ground for reversal unless the court abused that discretion and the abuse of discretion resulted in substantial injury to the defendant. (*People v. Merritt*, 367 Ill. 521, 12 N.E.2d 7; *People v. Brooks*, 52 Ill. App. 2d 473, 202 N.E.2d 265; *People v. Taylor*, 132 Ill. App. 2d 473, 270 N.E.2d 628.) We conclude that the defendant suffered no substantial injury. There was no objection to the testimony concerning the defendant's statement that the tire was not his. This was in accordance with the officer's testimony that he observed the defendant placing the stolen tire in the trunk of his car. We are of the opinion that the defendant was proven guilty of a probation violation by the preponderance of the evidence.

■■ The defendant maintains that the court's questions to him about a curfew violation after the court found him guilty of the theft demonstrate that the State failed to prove violation of probation. We fail to see how the mention of a curfew violation demonstrates that the court had any doubts about the adequacy of proof of the theft charge.

Accordingly the judgment is affirmed.

Judgment affirmed.

SIMON and O'CONNOR, JJ., concur.